**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 2 2006

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00144-BNB

MARTHA ANN SHARP,

    Applicant,

v.

JOE ORTIZ, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] KEN SALAZAR,

    Respondents.

---

### ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Martha Ann Sharp is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Denver Women's Correctional Facility. Ms. Sharp filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). She also submitted a motion to submit evidence.

The Court must construe liberally the application and the motion to submit evidence because Ms. Sharp is representing herself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will construe the motion to submit evidence liberally as a motion to amend, and will order Ms. Sharp to submit an amended application.

Ms. Sharp has used the Court-approved form for filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, it appears to the Court that Ms.

Sharp is challenging both the validity of her convictions and sentences, which is the purpose of a § 2254 action, and the execution of those sentences, which is the purpose of a 28 U.S.C. § 2241 (1994) action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). As her first claim, Ms. Sharp contends that she fully served her sentences and that her parole unlawfully was revoked. In her second and third claims, Ms. Sharp challenges her convictions and sentences. To the extent Ms. Sharp challenges her convictions and sentences, she may do so in the instant § 2254 action after exhaustion of state remedies. To the extent Ms. Sharp challenges the revocation of her parole, she is challenging the execution of her sentences. She may do so by filing a separate habeas corpus action pursuant to § 2241.

In the amended application she will be directed to file, Ms. Sharp must assert claims appropriately raised in a 28 U.S.C. § 2254 action. She also must demonstrate that she has exhausted state remedies as to each asserted claim or that no adequate state remedies are available or effective to protect her rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he or she has exhausted all available state remedies. *See Miranda v. Cooper*, 967

F.2d 392, 398 (10th Cir. 1992). Accordingly, it is

ORDERED that the motion to submit good cause evidence that Ms. Sharp submitted and the Court filed on May 4, 2006, and which the Court has construed liberally as a motion to amend, is granted. It is

FURTHER ORDERED that Ms. Sharp file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Sharp, together with a copy of this order, one copy of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589, **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that if Ms. Sharp fails to file an amended application as directed **within thirty (30) days from the date of this order**, the application will be

denied and the action dismissed without further notice.

DATED May 12, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00144-BNB

Martha Ann Sharp
Prisoner No. 115534
DWCF
PO Box 392005
Denver, CO 80239-8001

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on _5-12-06_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk